**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
(MEMPHIS)**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **CAH ACQUISITION COMPANY 11, LLC** | 19-22020 |

**IPFS CORPORATION'S MOTION FOR RELIEF FROM
AUTOMATIC STAY TO ALLOW CANCELLATION OF INSURANCE COVERAGE
AND RETURN OF UNEARNED PREMIUMS OR FOR ADEQUATE PROTECTION**

IPFS Corporation (hereinafter "IPFS") a secured creditor in this case, hereby moves under sections 362(d) and (f) of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), for an order granting IPFS relief from the Bankruptcy Code's automatic stay provisions so as to permit IPFS to exercise its contractual right to terminate an insurance policy that IPFS financed for the above-captioned debtor, CAH Acquisition Company 11, LLC (hereinafter "Debtor"), and states as follows:

1. The Debtor commenced this case on March 8, 2019 (the "Petition Date") by filing a petition under Chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b) and 1334(b) and may grant the relief requested pursuant to 11 U.S.C. § 362(d) and (f).

3. Prior to the Petition Date, the Debtor procured a Property Liability Insurance Policy (the "Insurance Policy") and finances the related premiums with IPFS pursuant to a Premium Finance Agreement (the "Agreement") dated January 29, 2019. True and Correct copies of the Agreement is attached hereto as Exhibit A.

4. As security for the total amounts payable under the Agreement, including IPFS's attorney fees and costs, the Debtor assigned to IPFS, among other things, any and all unearned premiums and loss payments which reduce those unearned premiums under the Insurance Policy (collectively, the "Collateral"). *See* Exhibit A.

5. As reflected in the account history attached hereto as Exhibit B, the balance owed on the Agreements as of May 6, 2019 was $24,570.13 plus interest and attorney fees allowed by law and the Agreement. Also, as reflected in the account history attached hereto as Exhibit B as of May 6, 2019, the Debtor is in default under the terms of the Agreement for its failure to pay the monthly payment due on April 29, 2019 in the amount of $3,052.19, and a late fee was charged on May 6, 2019 for that failure in the amount of $152.61. *See* Exhibits A and B.

6. Debtor's default under the Agreement constitutes cause for relief from the Bankruptcy Code's automatic stay provisions, including immediate relief under sections 362(d)(1) and (2) and 362(f), to permit IPFS to exercise its right to terminate the Insurance Policy and collect the unearned premiums.

7. Without lifting the automatic stay to allow IPFS to cancel the insurance and receive the return premiums (as permitted under the Agreement), IPFS's Collateral will continue to diminish. Indeed, the value of IPFS's collateral – the unearned premiums under the Insurance Policy – erodes every day that IPFS is not receiving payments under the Agreement as each day a portion of the unearned premiums becomes earned. *See*, *e.g.*, *In re Auto-Train Corp.*, 9 B.R. 159 (Bankr. D. Col. 1981).

8. As of the Petition Date, the Collateral was worth approximately $43,113.33 with a daily decline of approximately $131.83. In short, due to Debtor's failure to timely tender payments to IPFS, IPFS will become under-secured by July 27, 2019. Therefore, cause exists to lift the automatic stay to allow IPFS to cancel the insurance policy and collect the unearned premiums.

9. To the extent this Court is able to hear this matter while equity continues to exist in the unearned premiums over and above the indebtedness due to IPFS, IPFS requests this Court's recognition of attorney fees due IPFS under 506(b).

10. Pursuant to Tenn. Code Ann. § 56-37-112, no filing or recording is necessary to perfect the validity of the Agreement as a secured transaction.

WHEREFORE, PREMISES CONSIDERED, IPFS respectfully requests that this Court enter an order:

A. Granting IPFS relief from the Bankruptcy Code's automatic stay provisions so as to permit IPFS to exercise its contractual right to terminate the Insurance Policy, collect all related unearned premiums and apply those amounts to satisfy its secured claim under the Agreement;

B. Waiving the 14-day stay prescribed by Fed.R.Bankr.P. 4001(a)(3) as such delay will further diminish the value of the Collateral which is approaching the amount of the debt owed under the Agreement;

C. Permitting IPFS to recover its reasonable attorney fees and costs incurred in prosecuting this motion by adding these amounts to the outstanding balance due under the Agreement, to the extent allowed under non-bankruptcy law; and

D. Granting IPFS such other relief as is just and appropriate under the circumstances.

This the 23rd day of May, 2019.

Respectfully submitted,

**IPFS CORPORATION**

By: s/ John T. Rouse
John T. Rouse
One of Its Attorneys

**OF COUNSEL**:

John T. Rouse (BPR 023861)
**McGLINCHEY STAFFORD, PLLC**
424 Church Street, Ste 2000
Nashville, TN 37219
Telephone: (615) 762-9040
Email: jrouse@mcglinchey.com
Attorneys for IPFS Corporation

## CERTIFICATE OF SERVICE

I, the undersigned John T. Rouse, McGlinchey Stafford PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

E. Franklin Childress, Jr. – fchildress@bakerdonelson.com

M. Ruthie Hagan – rhagan@bakerdonelson.com

Carrie Ann Rohrscheib – carrie.a.rohrscheif@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the foregoing to the 20 largest creditors listed on the attached creditor list.

THIS, the 23rd day of May, 2018.

                                              s/ John T. Rouse
                                                John T. Rouse