**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CAH ACQUISITION COMPANY 11, LLC, | ) | CASE NO. 19-22020 |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

**DEBTOR'S MOTION TO EXTEND ITS EXCLUSIVE PERIODS
TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

CAH Acquisition Company 11, LLC (the "Debtor"), by and through counsel, hereby files this motion (this "Motion") for an order extending the Debtor's exclusive right to file a chapter 11 plan through and including October 10, 2019 (the "Filing Exclusivity Period"), and to solicit votes thereon through and including December 9, 2019 (the "Solicitation Exclusivity Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods"). In support of the requested extension, the Debtor states as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicate for the relief requested is 11 U.S.C. §1121(d).

**Background**

2. The Debtor filed for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") on or about March 8, 2019 (the "Petition Date"). Since the Petition Date,

the Debtor has remained in possession and control of its property and has continued to manage its business as a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

3.      No trustee or examiner has been appointed in the case and no official committee has been appointed under Section 1102 of the Bankruptcy Code.

### Relief Requested and Grounds for Relief

4.      Since the Petition Date, and as set forth in detail below, the Debtor has worked diligently in its efforts to restructure its obligations.  These efforts have taken several different and often divergent paths.  The Debtor files this Motion to request a limited, 90-day extension of the Filing Exclusivity Period by which it must its Plan.  The Debtor requests that the Court extend the Debtor's exclusive right to file a chapter 11 plan up to and including October 10, 2019.  The Debtor also requests an extension of the corresponding Solicitation Exclusivity Period for solicitation of votes on the Plan through and including December 9, 2019.

5.      Cause exists to grant the short extension of time requested herein.  Specifically, the Debtor needs additional time to formulate a Plan of Reorganization for the critical care hospital.  Debtor needs additional time to continue to review and assess claims, continue to inventory assets, and continue to reopen all divisions of the facility so as to appeal to a viable buyer.

6.      The Debtor requests this short extension to allow it the necessary time and flexibility to advance and focus on the initiatives set out above, which are tied to the reorganization effort.  The Motion is not submitted for the purposes of delay, and will not prejudice any party in interest in this case.

**Legal Argument**

7.    Pursuant to Section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods for cause. *See* 11 U.S.C. § 1121(d) ("on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section"). However, the 120-day period "may not be extended beyond a date that is 18 months after the [commencement] date" and the 180-day period "may not be extended before a date that is 20 months after the [commencement] date." 11 U.S.C. § 1121(d)(2). Ample cause exists to extend the Exclusive Periods in this case.

8.    The Exclusivity Periods established by Congress were incorporated in the Bankruptcy Code to afford a full and fair opportunity to propose a Chapter 11 plan and enable solicitation of acceptances of the plan without the deterioration and disruption of a debtor's business that might be caused by the filing of multiple competing plans. Indeed, the primary objective of a Chapter 11 case is the formulation, confirmation, and consummation of a consensual Chapter 11 plan. The Debtor intends to achieve this objective.

9.    Section 1121(d) of the Bankruptcy Code empowers a Bankruptcy Court to extend such periods "for cause." The Bankruptcy Code neither defines the term "cause" for purposes of Section 1121(d) nor establishes formal criteria for an extension. The legislative history of Section 1121 indicates, however, that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 (noting that Congress intended to give Bankruptcy Courts great flexibility to protect a debtor's interests by allowing a debtor unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

10. In exercising its broad discretion, the Bankruptcy Court may consider a variety of factors to assess the totality of circumstances in each case. *See In re Borders Group, Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *see also In re McLean Indus.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying factors used by courts to determine whether cause exists to extend exclusivity); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98 (Bankr. E.D. Tex. 1996). Those factors include, without limitation:

(i) the size and complexity of the debtor's case;

(ii) the necessity for sufficient time to permit the debtor to negotiate a Chapter 11 plan and prepare adequate information;

(iii) the existence of good faith progress towards reorganization;

(iv) the fact that the debtor is paying its bills as they become due;

(v) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(vi) whether the debtor has made progress in negotiations with its creditors;

(vii) the amount of time which has elapsed in the case;

(viii) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(ix) whether an unresolved contingency exists.

*Adelphia Commc'ns*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character");

*see also Borders*, 460 B.R. at 822 (evaluating the nine factors set forth in *Adelphia* to hold that debtor established cause to extend exclusivity).  The exercise of the Court's discretion is not simply a check-off process, but is based upon the totality of the circumstances.  The above factors are not exclusive bases for such exercise.

11. Application of the identified standards to the facts of this case demonstrates more than ample cause to grant the Debtor's requested extensions of the Exclusive Periods.  The extensions are necessary and appropriate in order for the Debtor to have the opportunity contemplated by the Bankruptcy Code to propose its Plan and solicit acceptances of such plan.

WHEREFORE, the Debtor respectfully requests that the Court:  (a) grant this Motion; (b) extend the Exclusivity Periods on the basis requested herein; and (c) grant such other relief as the Court deems just and proper.

Dated: July 12, 2019

                                            Respectfully submitted,

                                            Baker, Donelson, Bearman, Caldwell & Berkowitz, PC

                                             */s/ M. Ruthie Hagan*
E. Franklin Childress, Jr., TN Bar No. 07040
M. Ruthie Hagan, TN Bar No. 026839
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103
Direct:  901.577.8214
Fax:  901.577.0863
E-mail:  rhagan@bakerdonelson.com

*Attorneys for CAH Acquisition Company 11, LLC*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and exact copy of the Motion for Extension of Exclusivity and Time to File Chapter 11 Plan and Disclosure Statement and Solicit Acceptances of Plan was filed electronically and, in addition, was served upon the creditor matrix by placing a true and exact copy of said document in the United States Mail addressed as shown on the creditor matrix, with sufficient postage thereon to carry the same to its destination, on July 12, 2019.

                                                            */s/ M. Ruthie Hagan*