UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

IN RE:

CAH ACQUISITION COMPANY 11, LLC,   Case No. 19-22020 PJD

Debtor.   Chapter 11

**EX PARTE MOTION TO WITHDRAW MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; (B) AUTHORIZING DEBTOR'S ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS AND APPROVING DEBTOR'S REJECTION OF THOSE UNEXPIRED LEASES AND EXECUTORY CONTRACTS WHICH ARE NOT ASSUMED AND ASSIGNED PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; (C) APPROVING BID AND SALE PROCEDURES; (D) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (E) GRANTING RELATED RELIEF**

COMES NOW CAH Acquisition Company 11, LLC (the "Debtor"), in its capacity as debtor and debtor-in-possession through undersigned counsel and moves the Court pursuant to TNWD LBR 9003-1 ex parte, seeking the entry of an order permitting the withdrawal of its previously filed Sale Motion[1] [Dk No. 179], and in support thereof states as follows:

1. On February 7, 2020, the Debtor filed its *Motion for Entry of an Order (a) Approving the Sale of Substantially all of the Debtor's Assets Free and Clear of all Liens, Interests, Claims and Encumbrances, (b) Authorizing Debtor's Assumption and Assignment of Certain Unexpired Leases and Executory Contracts and Determining Cure Amounts and Approving Debtor's Rejection of those Unexpired Leases and Executory Contracts which*

---

[1] As defined in Paragraph 1.

*are not Assumed and Assigned Pursuant to Section 365 of the Bankruptcy Code, (c) Approving Bid and Sale Procedures, (d) Waiving the 14 Day Stay Periods set forth in Bankruptcy Rules 6004(h) and 6006(d), and (e) Granting Related Relief* (the "Sale Motion") pursuant to which the Debtor requested authority to sell substantially all of the assets of the Debtor to the highest and best bidder subject to the process outlined herein [Dk No. 179].

2. Approval of the Sale Motion is currently set for March 17, 2020 in accordance with the order entered by the Court approving Bidding Procedures [Dk No. 195].[2]

3. Pursuant to the Expedited Motion filed by the Debtor [Dk No. 180], an order was entered Approving Bidding and Sale Procedures and Bid Protections for (a) Sale of Substantially all of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests, (b) the Possible Assumption and Assignment, or Rejections of Certain Executory contracts and Unexpired Leases and (c) Related Relief on February 19, 2020 (the "Bidding Procedures Order") [Dk No. 195].

4. The Debtor has filed a motion to modify the Bidding Procedures Order as to certain dates and deadlines (the "Sale Deadlines and Dates") under consideration by the Court [Dk No. ].

5. Subsequent to the filing of the Sale Motion, an unforeseen issue has arisen in connection with the Stalking Horse Bid[3] resulting in the filing of this motion to withdraw the Sale Motion.

---

[2] The Debtor is filing simultaneously herewith a motion seeking modification of the Bidding Procedures which will terminate the existing date of the Sale Hearing.
[3] All defined terms used herein shall have the same meaning as set out in the Sale Motion.

EFC 4838-4939-3334
2947847-000001

6. While it is the intent of the Debtor to continue to negotiate with the Proposed Buyer to reach an agreement on a new Asset Purchase and Sale Agreement, it is necessary at this time, and in the best interest of this Bankruptcy Estate and its creditors to withdraw the pending Sale Motion.

7. As such, Debtor seeks the entry of an order approving its withdrawal of the Sale Motion but not altering the Bidding Procedures previously approved [Dk No. 195], as amended by order entered on or about March 6, 2020.

8. Good cause exists for the relief requested for the reasons set forth herein.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order granting the relief requested as set out above, and for such other and further relief as the Court deems fair, just, and equitable.

Respectively submitted,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC


/s/ E. Franklin Childress, Jr.
E. Franklin Childress, Jr. (TNB # 07040)
M. Ruthie Hagan (TNB # 026839)
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103
Telephone:  (901) 577-2147
Email:  fchildress@bakerdonelson.com
rhagan@bakerdonelson.com

**Attorneys for CAH Acquisition Company 11, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of March, 2020, service of a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 19B of the Amended Guidelines for Electronic Filing:

The Matrix

                                                    */s/ E. Franklin Childress, Jr.*
                                                   E. Franklin Childress, Jr.

*EFC 4838-4939-3334*
*2947847-000001*