**Dated: March 06, 2020**
**The following is SO ORDERED:**

_____
Paulette J. Delk
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 11, LLC | ) | Case Number 19-22020 PJD |
| | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**ORDER GRANTING EX PARTE MOTION TO WITHDRAW MOTION FOR ENTRY OF AN ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE; (B) AUTHORIZING DEBTOR'S ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND DETERMINING CURE AMOUNTS AND APPROVING DEBTOR'S REJECTION OF THOSE UNEXPIRED LEASES AND EXECUTORY CONTRACTS WHICH ARE NOT ASSUMED AND ASSIGNED PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; (C) APPROVING BID AND SALE PROCEDURES; (D) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(H) AND 6006(D); AND (E) GRANTING RELATED RELIEF**

THIS MATTER came before the Court on for consideration upon the ex parte motion of

CAH Acquisition Company 11, LLC (the "Debtor") filed pursuant to TNWD LBR 9003-seeking

the entry of an order modifying the Order Approving Bidding and Sale Procedures and Bid Protections for (a) Sale of Substantially all of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests, (b) the Possible Assumption and Assignment, or Rejections of Certain Executory contracts and Unexpired Leases and (c) Related Relief entered by the Court on February 19, 2020 (the "Bidding Procedures Order") [Dk No. 195].

Upon consideration of the motion [Dk No.202], the COURT HEREBY FINDS, AND IT IS ORDERED:

1.  This Court has jurisdiction over this matter and over the property of Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  On February 7, 2020, the Debtor filed its *Motion for Entry of an Order (a) Approving the Sale of Substantially all of the Debtor's Assets Free and Clear of all Liens, Interests, Claims and Encumbrances, (b) Authorizing Debtor's Assumption and Assignment of Certain Unexpired Leases and Executory Contracts and Determining Cure Amounts and Approving Debtor's Rejection of those Unexpired Leases and Executory Contracts which are not Assumed and Assigned Pursuant to Section 365 of the Bankruptcy Code, (c) Approving Bid and Sale Procedures, (d)Waiving the 14 Day Stay Periods set forth in Bankruptcy Rules 6004(h) and 6006(d), and (e) Granting Related Relief* (the "Sale Motion")[1] pursuant to which the Debtor requested authority to sell substantially all of the assets of the Debtor to the highest and best bidder subject to the process outlined herein [Dk No. 179].

---

[1] All defined terms used herein shall have the same meaning as set out in the Sale Motion.

EFC 4812-6937-2598
2947847-000001

4.	Approval of the Sale Motion is currently set for March 17, 2020 in accordance with the order entered by the Court approving Bidding Procedures [Dk No. 195].[2]

5.	Pursuant to the Expedited Motion filed by the Debtor [Dk No. 180], an order was entered Approving Bidding and Sale Procedures and Bid Protections for (a) Sale of Substantially all of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests, (b) the Possible Assumption and Assignment, or Rejections of Certain Executory contracts and Unexpired Leases and (c) Related Relief on February 19, 2020 (the "Bidding Procedures Order") [Dk No. 195].

6.	Subsequent to the entry of the Bidding Procedures Order, the Debtor has disclosed that an unforeseen issue has arisen in connection with the Stalking Horse Bid resulting in the filing of a motion to withdraw the Sale Motion.

7.	The Debtor has expressed its intent to continue to negotiate with the Proposed Buyer to reach an agreement on a new Asset Purchase and Sale Agreement, it is necessary to modify and terminate the existing Sale Deadlines and Dates which shall be, at a later date, established pursuant to a revised Sale Motion to be submitted to the Court for approval.

8.	Withdrawal of the Sale Motion is approved subject to the continued validity of the Bidding Procedures, as previously approved, as modified by order of the Court.

**IT IS SO ORDERED**.

---

[2] The Debtor is filing simultaneously herewith a motion [Dk No. 203] seeking modification of the Bidding Procedures which will terminate the existing date of the Sale Hearing.

EFC 4812-6937-2598
2947847-000001

Submitted for Entry:

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

/s/ E. Franklin Childress, Jr.
E. Franklin Childress, Jr. (Bar No. 07040)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 577-2147
Email:  fchildress@bakerdonelson.com

***Attorneys for CAH Acquisition Company 11, LLC***

    Serve:  Matrix