**Dated: March 06, 2020**
**The following is SO ORDERED:**

_____
**Paulette J. Delk**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 11, LLC | ) | Case Number 19-22020 PJD |
| | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**ORDER GRANTING EX PARTE MOTION TO MODIFY ORDER APPROVING BIDDING AND SALE PROCEDURES AND BID PROTECTIONS FOR (A) SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (B) THE POSSIBLE ASSUMPTION AND ASSIGNMENT, OR REJECTION, OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) RELATED RELIEF**

THIS MATTER came before the Court on for consideration upon the ex parte motion of

CAH Acquisition Company 11, LLC (the "Debtor") filed pursuant to TNWD LBR 9003-1,

seeking the entry of an order modifying the Order Approving Bidding and Sale Procedures and

Bid Protections for (a) Sale of Substantially all of the Debtor's Assets Free and Clear of all

Liens, Claims, Encumbrances, and Interests, (b) the Possible Assumption and Assignment, or

EFC 4821-7494-8790
2947847-000001

Rejections of Certain Executory contracts and Unexpired Leases and (c) Related Relief entered by the Court on February 19, 2020 (the "Bidding Procedures Order") [Dk No. 195].

Upon consideration of the motion [Dk No. 203], the COURT HEREBY FINDS, AND IT IS ORDERED:

1.      This Court has jurisdiction over this matter and over the property of Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      On February 7, 2020, the Debtor filed its *Motion for Entry of an Order (a) Approving the Sale of Substantially all of the Debtor's Assets Free and Clear of all Liens, Interests, Claims and Encumbrances, (b) Authorizing Debtor's Assumption and Assignment of Certain Unexpired Leases and Executory Contracts and Determining Cure Amounts and Approving Debtor's Rejection of those Unexpired Leases and Executory Contracts which are not Assumed and Assigned Pursuant to Section 365 of the Bankruptcy Code, (c) Approving Bid and Sale Procedures, (d)Waiving the 14 Day Stay Periods set forth in Bankruptcy Rules 6004(h) and 6006(d), and (e) Granting Related Relief* (the "Sale Motion")[1] pursuant to which the Debtor requested authority to sell substantially all of the assets of the Debtor to the highest and best bidder subject to the process outlined herein [Dk No. 179].

4.      Pursuant to the Expedited Motion filed by the Debtor [Dk No. 180] for entry of an Order approving Bidding and Sale Procedures and Bid Protections in connection with the Sale Motion, the Bidding Procedures Order was entered.

---

[1] All defined terms used herein shall have the same meaning as set out in the Sale Motion.

EFC 4821-7494-8790
2947847-000001

5.      The Bidding Procedures Order provided for establishing certain deadlines and dates (the "Sale Deadlines and Dates") in connection with the Sale Motion as more particularly set forth in the order and in the approved Bidding Procedures.

6.      Subsequent to the entry of the Bidding Procedures Order, the Debtor has disclosed that an unforeseen issue has arisen in connection with the Stalking Horse Bid resulting in the filing of a motion to withdraw the Sale Motion.

7.      The Debtor has expressed its intent to continue to negotiate with the Proposed Buyer to reach an agreement on a new Asset Purchase and Sale Agreement, it is necessary to modify and terminate the existing Sale Deadlines and Dates which shall be, at a later date, established pursuant to a revised Sale Motion to be submitted to the Court for approval.

8.      While it is the intent of the Debtor to continue to negotiate with the Proposed Buyer to reach an agreement on a new Asset Purchase and Sale Agreement, it is necessary to modify and terminate the existing Sale Deadlines and Dates which shall, at a later date, be established pursuant to a revised Sale Motion to be submitted to the Court for approval.

9.      The existing Sale Deadlines and Dates, as more particularly described below shall be terminated with new Sale Deadlines and Dates to be established by subsequent order of the Court:

| **Event** | **Existing Deadlines and Dates to be Deleted and Modified by Subsequent Order of the Court** | **New Sale Deadlines and Dates** |
|---|---|---|
| Proposed Cure Schedule | On or before March 10, 2020 | To be determined |
| Competing Bid Deadline | March 13, 2020, at 10:00 AM prevailing Central time | To be determined |

EFC 4821-7494-8790
2947847-000001

| | | |
|---|---|---|
| Auction, if necessary, and Announce Results | March 16, 2020, at 1:00 PM prevailing Central time | To be determined |
| Contract/Lease and Sale Hearing Objection Deadline | March 13, 2020, at 5:00 PM prevailing Central time | To be determined |
| Sale Hearing | March 17, 2020, at 11:00 AM prevailing Central time | To be determined |
| Closing Deadline | March 31, 2020 | To be determined |

10.     Except as modified herein, the Bidding Procedures as previously approved by the

Court remain in full force and effect.

**IT IS SO ORDERED**.

Submitted for Entry:

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

/s/ E. Franklin Childress, Jr.
E. Franklin Childress, Jr. (Bar No. 07040)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 577-2147
Email:  fchildress@bakerdonelson.com

*Attorneys for CAH Acquisition Company 11, LLC*

Serve:  Matrix

EFC 4821-7494-8790
2947847-000001