# Exhibit 1

It is further ordered that the court's finding of the adequacy of the notice is limited to those parties who have approved the order and those parties who are served with a copy of this order. In paragraph 10, it shall be SB Tybee's responsibility to pay the $25,000 to GDCH.

SO ORDERED.
SIGNED this 12th day of July, 2016

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Jointly Administered Under |
| New Beginnings Care, LLC et al., | ) Case No. 1:16-bk-10272-NWW |
| | ) |
| Debtors. | ) Chapter 11 |

AGREED ORDER GRANTING MOTION
FOR APPROVAL TO ASSUME AND ASSIGN
SAVANNAH BEACH HEALTHCARE & REHAB, LLC MEDICARE
AND MEDICAID PROVIDER AGREEMENTS TO SB TYBEE LLC

THIS CAUSE came before the Court at a hearing on July 12, 2016 (the "Hearing") to consider the Debtors' Motion for Approval to Assume and Assign Savannah Beach Healthcare & Rehab, LLC Medicare and Medicaid Provider Agreements to SB Tybee LLC (the "Motion") [Docket No. 682]. Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Motion. Any objections to the Motion are hereby withdrawn. The Court having reviewed the Motion, any evidence of record in this case and it appearing that

due and adequate notice of the Motion has been provided for the relief set forth below, and for good cause shown, the Court hereby ORDERS, ADJUDGES AND DECREES as follows:

1. The Motion is granted, as set forth herein.

2. Pursuant to and consistent with the terms of 11 U.S.C. 365, the Debtor may and is authorized to assume and assign the Medicare and Medicaid Provider Agreements of Savannah Beach Healthcare & Rehab LLC ("the Facility") to SB Tybee, LLC ("SB Tybee") subject to the required regulatory approvals under State and Federal laws and regulations, and is hereby directed to immediately execute and to deliver to SB Tybee the appropriate Form 855 for that purpose.

3. The Debtor shall transfer and deliver the following to SB Tybee no later than 11:59 PM today:

    a. all documents, charts, personnel records, property manuals, resident records for current residents and residents discharged within five (5) years, and lists, copies or originals of the books, files and other business records attributable to the business or operations of the Facility;

    b. all patient trust funds;

    c. All personnel records of employees, patient agreements, patient lists, and inspection reports;

    d. All of the Facility's residents' and patients' admission, medical and personal records;

    e. Dietary menus, contracts and forms; and

    f. All contracts between the Facility and any current resident; and it is further

4.    Contracts between the Facility and any current resident are hereby assigned to SB Tybee under 11 U.S.C. § 365 subject to the right of any contracting party to object.

5.    SB Tybee shall make any records or other documents, transferred as required in paragraph 3 herein, available to the Debtor or any successor trustee at reasonable times on reasonable notice.

6.    SB Tybee shall be subject to, governed by, and shall remain bound by all Medicare and Medicaid statutory and regulatory provisions and also subject to all applicable Georgia bed tax statutes and regulatory provisions.

7.    SB Tybee shall be responsible for any and all Medicare and Medicaid overpayments, penalties, and Georgia Department of Community Health (hereinafter "GDCH") provider fees including, but not limited to bed taxes, or any other liabilities that may be known now or may become known in the future.

8.    SB Tybee assumes successor liability for overpayments, penalties, GDCH provider fees including, but not limited to bed taxes, asserted by GDCH, CMS, and/or HHS against the Debtor.

9.    The Debtor shall file all Bed Tax Report Returns to GDCH, for bed tax days up to and including closing of the transaction, within 21 days of entry of this Order. The Debtor shall provide the Bed Tax Report Returns to SB Tybee for review and comment within 14 days of entry of this Order.

10.    As an act of good faith, in lieu of paying the total cure payment amount owed to GDCH for delinquent provider fees including but not limited to bed taxes $25,000.00 shall be paid to GDCH and applied to delinquent bed taxes owed by the Facility within 14 days of entry of this Order.

11. The Debtor shall remain liable for and shall not be released from any and all Medicaid overpayments, penalties, GDCH provider fees including, but not limited to bed taxes, or any other liabilities that may be known now or may become known in the future owed to GDCH and that all such amounts shall be treated as priority and administrative claims in the case, subject to objection by the Debtor. GDCH's right to setoff shall remain intact after entry of this Order.

12. As consideration for the transfer of the Facility's accounts receivables and other general intangibles, and as a condition of such transfer, SB Tybee shall transfer to Gemino by wire transfer of immediately available funds an aggregate amount of $150,000.00 and SB Tybee shall transfer to the Debtor $38,000.00 by 5 P.M. EST on July 14, 2016, both sums to be held in escrow through the objection period in paragraph 14, in exchange for which Gemino and the Debtor shall transfer to SB Tybee all the estate's and Gemino's interest in all accounts receivable attributable to the Facility in existence today and their proceeds. After such transfer, SB Tybee shall remit to Gemino 50% of all collections above $150,000.00 that are collected within 180 days of the entry this order. SB Tybee will use reasonable efforts to provide Gemino with monthly reports regarding cash collections during the 180 day period.

13. The Debtor shall remain liable for and shall pay all payroll attributable to the Facility through July 12, 2016 and shall direct the $38,000.00 referenced in Paragraph 12 toward such payroll.

14. Any party in interest who has not approved this order may object to the transfer of receivables and general intangibles set forth in paragraph 12 above by filing a written objection with the court no later than 14 days after entry of this order; in such event, the court shall schedule a hearing on such objection, and the effect of paragraph 12 shall be subject to further

court order. In the absence of such timely filed objection, this order shall be final as to paragraph 12.

15. The stay provided for in Rule 6006(d) of the Federal Rules of Bankruptcy Procedure is hereby waived.

16. Solely with respect to electronic payments by governmental payors to lockboxes at Citizens Bank that are in the control of Gemino and that Gemino is able to identify as Receivables of Facility (the "Electronic Lockbox Collections"), Gemino shall transfer to SB Tybee by wire transfer all Electronic Lockbox Collections within three (3) business days after receipt into any such lockbox using wiring instructions provided by SB Tybee to Gemino at closing. Gemino shall be entitled to deduct from collections remitted to SB Tybee the usual and customary wire transfer fees incurred by Gemino. Gemino's obligations under this paragraph will expire if and when Gemino no longer has control over any lockbox used by the Facility. With respect to collections of all Receivables of Facility other than Electronic Lockbox Collections, including, without limitation, checks received in lockboxes and by mail and transfers not remitted to any lockbox, the Debtors shall transfer such collections to SB Tybee within three (3) business days after receipt. SB Tybee acknowledges that it is possible that Electronic Lockbox Collections will come into the possession of the Debtors, due to delays in the availability of information or the inability of Gemino to determine what constitutes Electronic Lockbox Collections, and in any such event, the Debtors shall be solely responsible for remitting such funds to SB Tybee.

### 

APPROVED FOR ENTRY:

/s/ Laura F. Ketcham
Laura F. Ketcham (BPR No. 024543)

Miller & Martin PLLC
832 Georgia Avenue, Suite 1200
Chattanooga, Tennessee 37402
Telephone: (423) 785-8383
Laura.ketcham@millermartin.com
*Attorney for ADK Georgia, LLC*

/s/ Jeffrey W. Maddux
Jeffrey W. Maddux (BPR No. 027394)
Chambliss, Bahner & Stophel, P.C.
Liberty Tower – Suite 1700
605 Chestnut Street
Chattanooga, Tennessee 37450
Telephone: (423) 756-0296
Facsimile: (423) 508-1296
jmaddux@chamblisslaw.com
*Attorney for Gemino Healthcare Finance, LLC*

/s/ Robert M. Hirsh
Robert M. Hirsh
Arent Fox LLP
1675 Broadway
New York, NY 10019
Telephone No.: (212) 457-5430
Email: Robert.Hirsh@arentfox.com
*Attorneys for Official Committee of Unsecured Creditors*

/s/ David Fulton
David J. Fulton
Scarborough & Fulton
701 Market Street
Suite 1000
Chattanooga, TN 37402
423- 648-1880
Fax : (423) 648-1881
Email: djf@sfglegal.com
*Attorney for Debtors*

/s/ Nicholas B. Foster
Nicholas B. Foster
Office of the United States Trustee
Historic U. S. Courthouse
31 East 11th Street, 4th Floor
Chattanooga, TN 37402
423-752-5562
Email: nick.foster@usdoj.gov

*Attorney for United States Trustee*

/s/ Whitney Groff
Whitney Groff
Assistant Attorney General
40 Capital Square, S.W.
Atlanta, GA 30334-1300
Telephone: (404) 651-6107
Fax: (404) 657-3239
E-mail: wgroff@law.ga.gov
*Attorney for Georgia Department of Community Health*

NANCY STALLARD HARR
United States Attorney

/s/ Kenny L. Saffles
Kenny L. Saffles (BPR# 023870)
Assistant U.S. Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
Fax: (865) 545-4176
Kenny.Saffles@usdoj.gov
*Attorney for Department of Health and Human Services*

/s/Bill Rothschild
William L. Rothschild
Ogier, Rothschild & Rosenfeld, PC
170 Mitchell Street, SW
Atlanta, GA 30303
404 525 4000
Fax 404 526 8855
br@orratl.com
*Attorney for SB Tybee LLC, Karen Forrister, David Lemcke and Peach Health Group LLC*

# Exhibit 2

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
FILED
OCT 05 2000
JED G. WEINTRAUB
CLERK OF COURT

In re:

| | |
|---|---|
| HEALTHSPHERE OF AMERICA, INC. | Case No. 99-26854 WHB |
| HOME-BOUND MEDICAL SYSTEMS, INC. | Case No. 99-26855 WHB |
| HOME-BOUND INFUSION SOLUTIONS, INC. | Case No. 99-26857 WHB |
| HOME-BOUND MEDICAL CARE OF MIDDLE TENNESSEE, INC. | Case No. 99-26859 WHB |
| HOME-BOUND MEDICAL SYSTEMS OF NORTHERN ARKANSAS, INC. | Case No. 99-26860 WHB |

Debtors.

JOINTLY ADMINISTERED
CHAPTER 11 CASES

---

**ORDER AUTHORIZING DEBTOR TO ASSUME EXECUTORY CONTRACTS AND TO SELL ASSETS OF HOME-BOUND MEDICAL CARE OF MIDDLE TENNESSEE, INC. PURSUANT TO SECTION 363 WITH ASSETS AND LIABILITIES**

This cause came to be heard on the 26th day of September, 2000, before the Honorable William Houston Brown, U.S. bankruptcy court Judge upon the motion of the Debtor for an order pursuant to Section 363 authorizing the sale of certain assets of Home-Bound Medical Care of Middle Tennessee, Inc. and upon the statements of Counsel for the Debtor and the Assistant United States Attorney and Counsel for the purchaser and upon the entire record as a whole from all of which it appears to the Court:

1. This is a core proceeding under 11 U.S.C. Section 157(b)(2) and this Court has jurisdiction to enter this Final Order.

2. Debtor has solicited and received offers to purchase the assets of Home-Bound Medical Care of Middle, Tennessee, Inc.

K:\LCD\PREMIER COUNSULTING\of.pld - order authorizing debtor to assume executory contracts.doc

198

3. Debtor believes that the offer from Caresource, LLC for the purchase of the operation of Home-Bound Medical Care of Middle Tennessee, Inc. as set forth in the letter of intent from its attorney dated September 6, 2000, is the highest and best offer for the assets.

4. The purchaser is not related personally or financially to the Debtor and its officers. Neither the Debtor nor its officers have any contacts for future employment or relationships with the purchasers. The sale price was not controlled by an agreement among potential bidders.

5. Acceptance of said offer is in the best interest of the Debtor, the creditors, and the estate and there is a sound business reason for authorizing this sale under Section 363.

6. The consideration granted by Buyer is fair and reasonable and constitutes adequate consideration for the assets to be conveyed by Debtor.

7. This offer is contingent on the adequate assurances obtained through due diligence by the purchaser within 30 days of the entry of this order.

8. Pursuant to 11 U.S.C. § 365, upon the Closing of the sale, the Debtor shall assume the Medicare provider agreement with the Health Care Financing Administration ("HCFA") and assign it to the purchaser. As assignee, the purchaser shall BMZ take the Medicare provider agreement subject to all of the assets and liabilities of that particular provider agreement.

WHEREFORE, IT IS ORDERED by the Court that the Debtor be and the same is hereby authorized to enter into a sale of the assets by Home-Bound Medical Care of Middle Tennessee, Inc., contingent on the adequate assurances obtained through due diligence by the purchaser within 30 days of the entry of this order in accordance with the provisions of the letter of intent attached to the motion seeking such authority, with the exception that should the sale be

completed, the purchaser shall purchase the Medicare provider agreement subject to the assets and liabilities owed to HCFA for that particular provider agreement, and to execute any and all documents necessary to effectuate said purchase.

William H. Brown
United States Bankruptcy Judge

10-5-00

APPROVED FOR ENTRY
Veronica F. Coleman
United States Attorney

***By: _____
Barbara Morris Zoccola (BPR #13020)
Assistant U.S. Attorney
200 Jefferson Ave., Suite 811
Memphis, TN 38103
(901) 544-4010

☐ Motion ☒ Order ☐ Other
☒ Entered on the Court docket on
OCT 05 2000 and mailed to:
☐ Debtor(s), Debtor(s) Attorney, Trustee
☐ Servicing by Court
☐ Certificate of Mailing to Matrix
☒ By serving by Movant

By: V. Lowe, Deputy Clerk

_____
John Ryder, attorney for Debtor
One Commerce Square, Suite 2700
Memphis, TN 38103

_____
Leonard Dunavant, attorney for CareSource LLC
81 Monroe Ave., Suite 600
Memphis, TN 38103

As to form

_____
Sean Haynes, Staff Attorney  (H781)
U.S. Trustee's Office
200 Jefferson Ave., Suite 400
Memphis, TN 38103

K:\LCO\PREMIER COUNSULTING\lcd pld - order authorizing debtor to assume executory contracts.doc

# Exhibit 3

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NEW AMERICAN HEALTHCARE CORPORATION, ) | Bk. No. 00-03373-MH3-11 |
| NAHC FINANCIAL, INC. ) | Chapter 11 |
| NAHC OF MISSISSIPPI, INC., ) | Jointly Administered |
| NAHC OF MISSOURI, INC., ) | Judge Harrison |
| NAHC OF OREGON, INC., ) | |
| NAHC II OF OREGON, INC., ) | |
| NAHC III OF OREGON, INC., ) | |
| NAHC OF TEXAS, INC., ) | |
| NAHC II OF TEXAS, INC., ) | |
| NAHC OF WASHINGTON, INC., ) | |
| NAHC OF WYOMING, INC., and ) | |
| MEMORIAL HOSPITAL OF ADEL, INC., ) | |
| Debtors. ) | |

RECEIVED FOR ENTRY
JUN 27 2000
By G. Chapman
DEPUTY CLERK

ORDER APPROVING SALE OF ASSETS UTILIZED
IN OPERATION OF CROSBY MEMORIAL HOSPITAL
AND APPROVING COMPROMISE AND SETTLEMENT
OF CLAIMS RELATED TO CROSBY MEMORIAL HOSPITAL

This matter came on for hearing on the 22nd day of June, 2000, before the Honorable Marian F. Harrison, United States Bankruptcy Judge, upon motions filed by New American Healthcare Corporation and certain of its subsidiaries (the "Debtors"), namely, the Motion for Approval of Sale of Assets Free and Clear of Interests, Liens, Claims, and Encumbrances and Authorizing the Assumption of and Assignment of Unexpired Leases and Executory Contracts, Including Expedited Approval of Competitive Bidding Procedures, Breakup Fee Arrangement and Topping Bid Provisions and Form and Manner of Notice (the "Sale Motion") and the objections thereto and Motion for Authorization to Settle Claims Related to Crosby Memorial Hospital (the "Settlement Motion") and the objections thereto.

The Court heard and considered testimony of witnesses and also considered the admitted documentary exhibits, the entire record, including the pleadings filed herein, and the statements and arguments of counsel. Based upon all the foregoing and for the reasons stated below and any additional findings recorded in open court pursuant to Fed. R. Bankr. P. 7052, the Court

FINDS AND CONCLUDES:

1. The notice of the proposed sale of the assets utilized in operation of Crosby Memorial Hospital ("Asset Sale") was proper and adequate and in compliance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local rules, and prior orders of this Court.

2. Parties in interest were given reasonable and adequate opportunity to object to the Asset Sale.

3. The bidding procedures previously approved by this Court as implemented by the Debtors at the Overbid Conference on June 21, 2000, were fair and reasonable and the sale process was conducted in good faith.

4. The Debtors' efforts to market the Assets were reasonable and adequate and resulted in the best offer to the estate, that being the offer of Pitzeyosre Clinic, LLC.

5. Sound business reasons exist, as described by testimony in the hearing with which the Court agrees and accepts as its findings, for the sale of the Assets pursuant to § 363 of the Bankruptcy Code and applicable case law and the Asset Sale is in the best interests of creditors and the estate. Any objections to the Asset Sale not otherwise resolved are overruled.

6. The purchase price as set forth in the Asset Purchase Agreement made an exhibit to the hearing and filed separately in this case constitutes reasonable equivalent value and fair consideration for the Assets.

2

109946-1

7. The Debtors have good and marketable title to the Assets and are authorized to sell the Assets to Picayune Clinic, LLC on the terms and conditions described in the Asset Purchase Agreement. Said sale is free and clear of all liens, claims, interests, and encumbrances, with the liens of TD Texas, as agent for the pre-petition lenders, and the DIP lender attaching to the proceeds thereof.

8. The proceeds generated from the sale of the Assets, after escrow of the amounts described in the Asset Purchase Agreement or provided for herein, shall be paid to TD Texas, to be applied in accordance with the DIP Credit Agreement and the Pre-Petition Credit Agreement.

9. Picayune Clinic, LLC is a good faith purchaser for value within the meaning of § 363(m) of the Bankruptcy Code.

10. In accordance with the Court's previous order of June 2, 2000, the Debtors are authorized to assume and assign to Picayune Clinic, LLC any unexpired leases and executory contracts as identified in the Notice filed on June 22, 2000 and made an exhibit to the hearing is approved with the cure amounts as stated in the Notice, notice thereof having been adequate and reasonable. The Debtors are further authorized to assume and assign to Picayune Clinic, LLC any other executory contracts and unexpired leases referenced in the Asset Purchase Agreement for which cure amounts have not yet been established, as identified in the Notice (the "Additional Contracts"), upon payment of the stated cure amounts without further hearing, unless the parties to such contracts object as required herein. Within three (3) business days of entry of this Order, counsel for the Debtors shall give notice of the proposed cure amounts and assumption and assignment of the Additional Contracts. Any party in interest objecting to the assumption and assignment, including the proposed cure amount, shall file a written objection on or before July 5, 2000, and a serve a copy

by facsimile transmission upon the Debtors' counsel at the address and telephone number below and counsel for Picayune Clinic, LLC, Marc T. McNamee, 2000 First Union Tower, 150 Fourth Avenue, No., Nashville, TN, 37219, Fax (615) 726-0573 and Steven L. Lefkovitz, 530 Church Street, Suite 202, Nashville, TN, Fax (615) 255-4516. Any such objections shall be heard on the 11th day of July, 2000, at 9:00 a.m., in Courtroom Three, Customs House, 701 Broadway, Nashville, Tennessee. Any applicable notice periods are reduced to correspond to this Order.

11. Executory contracts not assumed and assigned by this Order are deemed rejected effective as of the date of closing of the sale to Picayune Clinic (the "Closing Date"). The rejection shall be accomplished by the Debtors providing contracting parties with a notice of rejection and filing the same with the Court. Pursuant to prior orders of this Court, the time within which the Debtors must perform under executory contracts and leases pursuant to § 365(d)(3) and (d)(10) are extended until the Closing Date.

12. The Debtors are authorized to assume and assign the Medicare provider agreements held by Crosby Memorial Hospital without further notice or hearing.

13. The proposed termination fees to Province Healthcare Company were approved by prior Order of this Court and no further action is necessary.

14. The settlement with Southern Regional Corporation ("SRC") is fair and equitable and in the best interests of the estate, as described by testimony in the hearing with which the Court agrees and accepts as its findings. Settlement Motion is, therefore, granted and the proposed settlement with SRC is approved, notice having been adequate and reasonable.

15. The objection of the City of Picayune to the Settlement Motion is overruled, including specifically, to the extent the objection constitutes or is construed as an objection to the Sale Motion.

16. The payment to be made by SRC under the terms of the Settlement Motion shall be paid over to TD Texas to be applied in accordance with the DIP Credit Agreement and the Pre-Petition Credit Agreement.

17. This Court shall retain jurisdiction to resolve any disputes over the Asset Sale or claims made in connection therewith.

IT IS SO ORDERED AS SET FORTH ABOVE this 22nd day of June, 2000.

MARIAN F. HARRISON
U.S. BANKRUPTCY JUDGE

Submitted for entry by:

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

By: _____
Craig V. Gabbert, Jr.
Barbara D. Holmes
1800 AmSouth Center
315 Deaderick Street
Nashville, TN 37238
(615) 256-0500 T
(615) 251-1058 F

Attorneys for Debtors

